<hr/>

COCHRAN v. EVANS et al.

(Circuit Court, D. Maine. July 10, 1907.)

No. 550.

1. TRUSTS—FOLLOWING TRUST FUNDS.

Complainant having purchased land of testator, he agreed to assist her in the construction of a cottage thereon, and negotiated with a builder for that purpose. When the contract was prepared, the builder refused to sign it, whereupon testator signed the contract and employed the builder to do the construction work, testator giving his personal attention to the same. Testator directed complainant to make checks payable to him, informing her that he would be responsible to her for the payment of the bills contracted by the builder, pursuant to which instructions she sent testator a remittance of $2,000, which he deposited in his bank so that it was earmarked, and died without having disbursed the same. *Held*, that, in view of all the circumstances, the testator was complainant's agent for the disbursement of the money, and that complainant was entitled to recover from the bank the unexpended balance of the deposit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 520–526.]

2. SAME—COSTS—CHARGEABLE TO FUND.

Where testator at the time of his death held certain money belonging to complainant, as her agent, which had been deposited in the bank in such a manner as to be earmarked, both the bank and the executrix being entitled to hold the fund until complainant's right thereto was established, they were not chargeable with the costs of a suit by complainant to recover the funds, which costs were payable out of the fund.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 377.]

In Equity.

John Abbott, for complainant.
John C. Stewart, for defendant Evans.

PUTNAM, Circuit Judge. This is a bill in equity brought by Florence A. Cochran against the executrix of the will of Henry E. Evans, the York County National Bank, and the Rockingham National Bank. All the parties named as respondents duly appeared and answered, and the case has now been heard on bill, answer, and proofs.

It is admitted that, since the bill was filed, it has been discovered that the complainant has no equity against the York National Bank, and that, so far as that corporation is concerned, the bill should be dismissed without costs; and the decree will provide accordingly. So far as the Rockingham National Bank is concerned, the complainant, who resided in Massachusetts, remitted to Henry E. Evans a few days

before he died $2,000, which $2,000 he deposited in his own name in the Rockingham National Bank, yet under such circumstances that the fund is clearly earmarked, subject, however, to the liens of the Rockingham National Bank, which reduces the net amount which the complainant might recover to $1,786.85, to which, however, is to be added something in the way of earned interest. The amount thereof the court is told will be subject to agreement between the parties.

It seems that the complainant purchased a lot of land and planned to build a cottage at York, where Evans resided. Evans sold her the lot of land, and undertook to advise and assist her, and did advise and assist her, with reference to the construction of the cottage. In her behalf, and acting with her, he had negotiated with one Goodwin, who was a builder, to construct the cottage, and plans, specifications, and a contract had been prepared accordingly. For some reason, not stated in the record, when the contract was submitted to Goodwin, he refused to sign it, and thereupon Evans signed the contract, although not himself a builder. Goodwin, however, did construct the cottage, and in that connection did employ the workmen, purchased the materials, and gave personal attention to the construction. It is evident that he contracted for the labor and for the materials, so much so that, in corresponding in regard to the matter, Evans, in his letter to the complainant, speaks of the bills on the cottage as "his bills," meaning Goodwin's bills. He writes that in the following connection: "I look out for Mr. Goodwin; I find he pays his bills on the cottage." Nevertheless, Evans writes the complainant to make checks payable to him, informing her that he was responsible to her, and that she might rest assured that he would look out for everything. The parties agree that the complainant understood that Evans would pay Goodwin the money in question here on presentation to Evans by Goodwin of proper vouchers for expenditures on the cottage; and that Evans also so understood it is clear from his letter to the complainant to which we have referred. It is true that, in remitting the $2,000 to Evans, the complainant described it as a second payment on the house according to the contract, and Evans receipted for it as such. Notwithstanding the form of the transaction, the court is satisfied that the substance of it is that Evans received the money, and held it as the representative of the complainant for the purpose of disbursing it in accordance with the vouchers which he might receive from Goodwin; so that Evans in fact and in equity held the money as the complainant's agent. Under these circumstances, Evans having died, and not having disbursed the money, and the money being clearly earmarked, the complainant is entitled to follow it, subject to whatever rights the Rockingham National Bank may have acquired to any portion thereof. The rule of law governing the case under these circumstances is now so familiar that we need not trouble to enlarge upon it. It is sufficient that we refer to the principles stated and authorities cited in Hutchinson v. Le Roy, decided by the Circuit Court of Appeals for this circuit on January 8, 1902, and reported in 113 Fed. 202, 206, 51 C. C. A. 159, and sequence.

The Rockingham National Bank, Evans, and his estate are all entirely innocent parties in the transaction, and it was the duty of both

the bank and the executrix to hold the fund until the rights of all parties were ascertained, either by a stipulation or the decree of the court. Therefore, under the circumstances, neither the bank nor the executrix should be put to any expense in the matter, and the complainant should pay her own costs, reimbursing herself, as she will, out of the fund; and the fund should bear all the charges to which the two respondents, the Rockingham National Bank and the executrix, have been subjected, which by arrangement between the parties consist only of $50 for compensation and expenses of the counsel for the latter.

Let the complainant, in accordance with rule 21, file a draft decree in accordance with the opinion passed down this day, on or before the 17th day of July, 1907, and the respondents their corrections thereof within one week thereafter.